## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**ROBERT HAMM, JR.,**

                         **Plaintiff,**

**-vs-**                                        **Case No.  6:06-cv-1348-Orl-28KRS**

**JOHNSON BROS., CORP.,**

                         **Defendant.**
_____/

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

---

**MOTION:       PLAINTIFF'S MOTION TO COMPEL (Doc. No. 36)**

**FILED:        February 21, 2007**

_____

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

---

Plaintiff Robert Hamm, Jr. sued Defendant Johnson Bros., Inc. (Johnson) alleging that Johnson improperly modified the conditions of his employment during the time he was absent from work pursuant to the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.*, and retaliated against him for taking FMLA leave.  He also alleges that Johnson retaliated against him in violation of the Florida Whistleblower's Act, Fla. Stat. § 448.101, *et seq.*, for reporting to its management that Johnson was employing alien workers who were not authorized to work in the United States.  Doc. No. 1.

Once discovery opened in this case, Hamm served Johnson with his First Set of Interrogatory Questions and First Request for Production of Documents. Johnson responded by objecting to many of the requests.  This motion to compel seeks an order requiring Johnson to provide responses to some of the interrogatories and to produce documents responsive to some of the requests for production. It also seeks an award of attorneys' fees and costs incurred in filing the motion.  Doc. No. 41. Johnson filed a response in opposition to the relief requested.  Doc. No. 41.

     *A.*    *Discovery Regarding Whether Johnson Knowingly Employed Unauthorized Workers.*

Interrogatories 3, 4 and 6 and requests for production 1 through 9 seek information about whether Johnson actually employed unauthorized workers since January 1, 2003, whether Johnson knew about the laws prohibiting employment of unauthorized workers, whether Johnson was on notice that it was employing unauthorized workers – either through notifications from the federal government that employees' social security numbers did not match government records ("No Match" letters) or through agreements with respect to or penalties paid regarding employment of unauthorized workers – and, whether Johnson has internal policies and procedures to ensure that it was hiring only individuals authorized to work in the United States.

Johnson objected to these requests as seeking irrelevant information not reasonably calculated to lead to the discovery of admissible evidence, overbroad in time and scope, unduly burdensome, and vague and ambiguous. In response to some of the discovery requests, Johnson also responded that the requests "*may* violate the privilege, privacy and security rights of nonparties." *See, e.g.,* doc. no. 36 at 6 (emphasis added).

Counsel for both parties agree that to prevail on his claim of retaliation in violation of the Florida Whistleblower's Act, Hamm must present evidence that the activity about which Hamm complained was in fact in violation of a law, rule or regulation.  Doc. No. 36 at 5; Doc. No. 41 at 3; *White v. Purdue Pharma, Inc.*, 369 F. Supp. 2d 1335, 1336 (M.D. Fla. 2005).   Johnson's argument that Hamm has not sufficiently identified the law alleged violated has been rejected by the Court. *See* Doc. No. 48.  Indeed, Johnson acknowledges and cites a federal law that makes it unlawful for an entity to hire and continue to employ in the United States a person the entity knows to be an alien not authorized to work in the United States.  8 U.S.C. § 1324a; *see also* Fla. Stat. § 448.09.  Accordingly, these interrogatories seek information that is directly relevant to the Whistleblower's Act retaliation claim, that is whether Johnson in fact hired unauthorized workers and whether it was on notice from the federal government of facts that would lead to the conclusion that the employees were not authorized to work in the United States.

In its response to the motion to compel, Johnson does not rely upon its objections to the scope or clarity of the interrogatories or present evidence of the burden and expense attendant to responding to the requests as a basis to deny the relief requested.  Accordingly, I find that these objections have been abandoned for failure to support them in response to the motion.  Moreover, the allegations of the complaint support an inquiry into Johnson's hiring practices since January 1, 2003, because Hamm was employed by Johnson and expressed his concerns about Johnson's hiring practices during this time .

Accordingly, it is **ORDERED** that Johnson shall serve sworn answers to interrogatories 3, 4 and 6 and produce documents responsive to requests 1 through 9 on or before May 18, 2007.  In

responding to the interrogatories, Johnson may not assert new objections because all objections not asserted in timely responses to the discovery requests may be deemed to have been waived. *See Dorrough v. Mullikin*, 563 F.2d 187, 190 (5th Cir. 1977)(objections to interrogatories not timely served were waived).

To the extent that an objection was raised based on privilege, and information or documents are withheld based on such privilege, it is further **ORDERED** that on or before May 18, 2007, Johnson shall serve a privilege log identifying each responsive item of information, document or portion thereof withheld based on the claim of privilege, and shall state as to each such item of information or document the following:

a.      The name and job title or capacity of the author or speaker;

b.      The name and job title or capacity of each recipient;

c.      The date the document or item of information was prepared or learned and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);

d.      The title and description of the document or item of information;

e.      The subject matter addressed in the document or item of information;

f.      The purpose(s) for which it was prepared or communicated; and

g.      The specific basis for the claim that it is privileged.

The privilege log must be sufficient on its face to provide *prima facie* support for each privilege asserted.

With respect to Johnson's concern that revealing responsive information might violate non-parties' rights, the matter can be addressed through a confidentiality agreement.  If the parties are unable to arrive at a private agreement on this issue, it is **ORDERED** that Johnson must file a motion for a protective order on or before May 11, 2007, which motion must be supported by a memorandum of law establishing Johnson's standing to assert privacy concerns on behalf of non-parties.  The pendency of a motion for a protective order does not relieve Johnson from timely producing responsive discovery that is not the subject of the motion for protective order.

B.       *Discovery Requests Related to Evidence of Pretext.*

According to the allegations of the complaint, Johnson advised Hamm that it based at least some of the actions about which Hamm complains on deficiencies in the construction of a road under Hamm's supervision.  *See* Doc. No. 1 at 7.  In requests for production 11 through 16, Hamm seeks production of documents regarding discipline of other employees for deficient work performance, and documents related to road construction deficiencies similar to those alleged to have been committed under Hamm's supervision.  Johnson objected to these requests as seeking irrelevant information not reasonably calculated to lead to the discovery of admissible evidence, overbroad in time and scope, unduly burdensome, vague and ambiguous, and requiring the disclosure of privileged, proprietary or confidential information.

In its response to the motion to compel, Johnson does not address the motion to compel further responses to these requests for production or provide any evidence to support its claim of burden or expense associated with producing responsive documents.  Accordingly, I find that Johnson has abandoned its objections to these requests. Moreover, the requests are reasonably designed to discover

information about Johnson's disciplinary practices which may lead to admissible information regarding whether the stated reasons for its treatment of Hamm were true or pretextual.

Accordingly, it is **ORDERED** that Johnson shall produce documents responsive to requests for production 11 through 16 on or before May 18, 2007. To the extent that an objection was raised based on privilege, and documents are withheld based on such privilege, it is further **ORDERED** that on or before May 18, 2007, Johnson shall serve a privilege log, in the form and detail described above, identifying each document or portion thereof withheld based on the claim of privilege.

To the extent that Johnson contends that responsive documents might reveal confidential or proprietary information that it not privileged, these concerns can be resolved through a confidentiality agreement. If the parties are unable to arrive at a private agreement on this issue, it is **ORDERED** that Johnson must file a motion for a protective order on or before May 11, 2007, which motion shall specifically describe the documents or category of documents for which Johnson asserts a right to confidentiality and a proffer of facts and law to support Johnson's position. The pendency of a motion for a protective order does not relieve Johnson from timely producing responsive documents that are not the subject of the motion for protective order.

   C.   *Attorneys' Fees and Costs*.

Federal Rule of Civil Procedure 37(a)(4) provides that is a motion to compel is granted, the court shall requiring the party opposing the motion, its attorney, or both of them to pay the reasonable expenses incurred by the movant in making the motion, including attorney's fees, unless the court finds that the opposing party's position was substantially justified, or that other circumstances make

an award of expenses unjust.  Because Johnson did not respond to this portion of the motion, I treat this request as unopposed.

For the reasons discussed above, I find that Johnson's objections to the discovery requests were not substantially justified.  Johnson has not argued that any other circumstances make an award of expenses unjust.  Accordingly, it is **ORDERED** that, on or before May 31, 2007, Johnson shall tender the sum of $500.00 to counsel for Hamm to compensate Hamm, in part, for the reasonable expenses, including attorney's fees, he incurred in filing the motions.

**DONE** and **ORDERED** in Orlando, Florida on April 30th, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties